1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

FEDERAL TRADE COMMISSION,

                Plaintiff,

      v.

NEOVI, INC., d/b/a NEOVI DATA
CORPORATION and QCHEX.COM, et al.,

                Defendants.

CIVIL NO. 06CV1952 WQH (JMA)

**ORDER REGARDING**
**CONFIDENTIALITY OF**
**MATERIALS PRODUCED IN**
**DISCOVERY OR FOR THE**
**PURPOSES OF SETTLEMENT**

      This Stipulated Protective Order between counsel for the plaintiff Federal Trade Commission ("FTC" or "Commission") and defendants Neovi, Inc., G7 Productivity Systems, Inc., James M. Danforth, and Thomas Villwock (collectively, "Defendants") concerns the treatment of electronic and hard-copy documents, tangible things, written reports, answers to questions or oral testimony, and information produced by the parties pursuant to a Rule 45 Subpoena, during discovery, or for the purposes of settlement in the case entitled *Federal Trade Commission v. Neovi, Inc., et al.*, Case No. 06-cv-1952 (S.D. Cal.) ("Material Produced in Discovery or for the Purposes of Settlement").

      **IT IS THEREFORE, ON STIPULATION OF THE FTC AND DEFENDANTS, ORDERED THAT**:

1.   The parties shall stamp as "CONFIDENTIAL" any page or any portion of any page of any Material Produced in Discovery or for the Purposes of Settlement that the party believes in good faith contains: (a) trade secrets; (b) proprietary commercial or financial information of a privileged or confidential nature, including, without limitation, tax returns, financial statements, non-public balance sheets and account information; (c) personal financial information and personal identifiers, including but not limited to a person's social security number, home address, email address, telephone number, bank account or other financial account number (including any Qchex tracking number), and date of birth; (d) information that would reveal a confidential, undercover identity used by the FTC and compromise current and future use of that identity; or (e) any other materials considered confidential under Fed. R. Civ. P. 26(c)(7), Section 6(f) of the Federal Trade Commission Act, 15 U.S.C. § 46(f) or the Court's ECF Administrative Policies and Procedures § 1(h) (Sept. 5, 2006).  Any page or any portion of any page so designated shall be treated as "Confidential Material" for purposes of this Stipulated Protective Order.  By designating information as "Confidential Material," a party is certifying to the Court within the meaning of Federal Rule of Civil Procedure 26(g) that there is a good faith basis both in law and fact for the designation.

2.   All material designated "CONFIDENTIAL" produced by a party in this action shall be disclosed only to the following:

a.    To the Court and Court personnel during the course of this litigation;

b.    To professional copying, reproduction, data management, data entry, data processing, or document management companies or contractors of any party;

c.    To employees of the FTC who are involved in the prosecution of this litigation.  Disclosure of Confidential Material to any such person shall be only for the purposes of the case *Federal Trade Commission v. Neovi,*

1                                           *Inc., et al.*, Case No. 06-CV-1952 (S.D. Cal.) and any related proceedings

2                                           and for no other purpose whatsoever;

3        d.        To the defendants, their officers, directors, and employees, and any of

4                                             their counsel, including any professionals or paraprofessionals engaged by

5                                             such counsel, including their associates, office staff, and litigation support

6                                             assistants who are involved in the defense of this litigation.  Disclosure of

7                                             Confidential Material to any person listed in this subparagraph shall be

8                                             only for the purposes of the case *Federal Trade Commission v. Neovi,*

9                                             *Inc., et al.*, Case No. 06cv1952 (S.D. Cal.) and any related proceedings

10                                            and for no other purpose whatsoever;

11        e.        To potential witnesses or consultants who are, or may become, actively

12                                             involved in this litigation, and their attorneys and staff personnel, provided

13                                             that before receiving Confidential Material, they, as a condition to being

14                                             furnished Confidential Material, agree to hold all material as confidential

15                                             and proprietary.  Before receiving any Confidential Material, each person

16                                             listed in this subparagraph must read this Protective Order and

17                                             acknowledge in writing, executing the agreement included as Appendix A

18                                             hereto, that he or she agrees to be bound by the terms of the Order,

19                                             provided that in lieu of the signed agreement in Appendix A, the FTC's

20                                             counsel may obtain an executed FTC Form X-033-Nondisclosure

21                                             Agreement for Contractors from their outside consultants or experts.

22                                             Disclosure of Confidential Material to any person listed in this

23                                             subparagraph shall be only for the purposes of the case *Federal Trade*

24                                             *Commission v. Neovi, Inc., et al.*, Case No. 06cv1952 (S.D. Cal.) and any

25                                             related proceedings and for no other purpose whatsoever;

26        f.        To persons who have had, or whom any counsel for any party in good

27                                             faith believes to have had, prior access to confidential information, or who

28                                             have been participants in a communication that is the subject of the

confidential information and from whom verification of or other information about that access or participation is sought, solely to the extent of disclosing such information to which they have or may have had access or that is the subject of the communication in which they have or may have participated, except that, unless and until counsel confirms that any such persons have had access or were participants, only as much of the information may be disclosed as may be necessary to confirm the person's access or participation.

3.  Each person or entity to whom Confidential Material is disclosed shall be provided with a copy of this Protective Order.

4.  The Confidential Material will be protected from disclosure at all times and confidentiality will only be lifted pursuant to the procedures outlined in Paragraph 11 of this Protective Order.

5.  Nothing in this Protective Order shall impose any restrictions on the use or disclosure by the FTC of Confidential Material as provided by:  (1) the FTC's Rules of Practice and any cases construing them; (2) Sections 6(f) and 21 of the Federal Trade Commission Act and any cases so construing them; and (3) any other legal obligation imposed upon the FTC, provided that, in the event the FTC receives a subpoena, discovery demand or other request for Confidential Material produced by defendants in this action, it shall take reasonable steps to protect the confidentiality of the requested material, including providing defendants' counsel with written notice of the subpoena, demand or request at least five (5) business days prior to the date on which the FTC has been commanded or requested to disclose the Confidential Material.  If defendants' counsel objects in writing to the disclosure within the five (5) business day period, the FTC shall not disclose the Confidential Material pending a judicial determination of whether the Confidential Material shall be disclosed notwithstanding the provisions of this Order.

6.      Subject to public policy, and further Court order, nothing shall be filed under seal, and the Court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceedings will take place, after application by the affected party with appropriate notice to opposing counsel. If the Court grants a party permission to file an item under seal, a duplicate disclosing all nonconfidential information, if any, shall be filed and made part of the public record. The item may be redacted to eliminate Confidential Material from the document. The document shall be titled to show that it corresponds to an item filed under seal, e.g., "Redacted Copy of Sealed Declaration of John Smith in Support of Motion for Summary Judgment." The sealed and redacted documents shall be filed simultaneously.

7.      If any party uses any Confidential Materials during a deposition, it will request the stenographer or court reporter to separately bind and mark as "Confidential - Subject to Protective Order" the portion of the deposition transcript during which the Confidential Discovery Materials are disclosed or discussed. Any such confidential portion of a deposition transcript shall be deemed Confidential Material, subject to the terms of this Protective Order.

8.      Within five business days of the date of this Order, any party who previously produced materials to another party shall designate any such materials as "CONFIDENTIAL" to the extent such information constitutes protected information as defined in this Order.

9.      All transcripts of depositions taken in this action shall be treated as if designated "CONFIDENTIAL" for a period of ten business days after a full and complete copy of the transcript has been available to the deponent or deponent's counsel. Any deponent or counsel for that deponent or counsel for a party may designate during the deposition or during the ten-day period after the transcript is available from the court reporter any portion of the transcript as "CONFIDENTIAL" by denominating by page and line, and by designating any exhibits, that are to be

considered "CONFIDENTIAL." Such designation shall be communicated to all
parties.

10.    Any production of information without its being designated as
"CONFIDENTIAL" shall not thereby be deemed a waiver of any claim of
confidentiality as to such information, and the same may thereafter be designated
"CONFIDENTIAL." Upon receiving notice from a party or a third party that
confidential information has not been previously denominated, parties shall make
reasonable efforts to re-denominate and appropriately treat all such information.
Any such subsequent designation, however, shall not apply retroactively to any
previously disclosed information for which disclosure was proper when made.

11.    Any party may at any time request in writing of any other party that any
Confidential Material be released from the requirements of this Order.  The
parties shall confer, and if the parties are unable to reach an agreement on the
confidentiality of the material by negotiation, the party seeking protection of the
material as confidential must, within ten (10) days of service of the other party's
written request to release the material from the requirements of this order, move
the Court to issue a protective order retaining the "Confidential" designation of
the material at issue.  If no such motion is made within ten (10) days of the
party's written request, the material at issue will no longer be treated as
confidential and protected under this Order.  In the event any such motion is
made, the moving party must establish that the material at issue is entitled to such
confidential protection pursuant to Rule 26(c) of the Federal Rules of Civil
Procedure.  The terms of this Order shall continue to apply to such material until
the Court rules on the motion.

12.    At the time that any consultant or other person retained to assist counsel in the
preparation of these actions concludes participation in the action, such person
shall return to counsel all copies of documents or portions thereof designated
confidential that are in the possession of such person, together with notes,

memoranda, or other papers containing confidential information.  At the conclusion of these actions, any subsequent proceedings based thereon, or any related actions, and upon request of any party, the non-governmental parties shall return or destroy all documents obtained in these actions that contain or refer to confidential matters or information, other than trial transcripts and trial exhibits admitted into evidence (and, if destroyed, shall provide a party with an affidavit of destruction); provided, however, that privileged documents or attorney work product need not be returned or destroyed.  The FTC shall retain, return, or destroy documents in accordance with the provisions of Rule 4.12 of the FTC's Rules of Practice, 16 C.F.R. § 4.12.  The terms of this Stipulated Protective Order shall continue to apply to all documents retained by any party after the conclusion of these actions.

13.     The FTC and Defendants have the right to apply to the Court to modify this Stipulated Protective Order, or for such other relief as they deem advisable.


**IT IS SO ORDERED.**

DATED:  April 13, 2007

_____
Jan M. Adler
U.S. Magistrate Judge