UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　　　Plaintiff,<br><br>v.<br><br>NEOVI, INC., d/b/a NEOVI DATA<br>CORPORATION and QCHEX.COM; et al.,<br><br>　　　　Defendants. | Civil No. 06-CV-1952-JLS (JMA)<br><br>**ORDER: (1) GRANTING PLAINTIFF'S RULE 56(f) MOTION; (2) DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE**<br><br>[Doc. Nos. 46, 41] |

　　　Currently pending before the Court is a Motion for Summary Judgment [Doc. No. 41] filed by Defendants Neovi, Inc., G7 Productivity Systems, Inc., James M. Danforth, and Thomas Villwock (collectively "Defendants") and a Motion to Deny or Stay Defendants' Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56(f) [Doc. No. 46] filed by Plaintiff Federal Trade Commission ("FTC"). For the following reasons, this Court **GRANTS** Plaintiff's 56(f) motion and **DENIES** Defendants' motion for summary judgment **without prejudice**.

# DISCUSSION

The Court incorporates by reference the background facts forth in Judge Hayes' January 18, 2007 Order denying Plaintiff's motion for a preliminary injunction. [Doc. No. 32; Judge Hayes' January 18, 2007 Order at 7.] In that order, Judge Hayes noted that:

> In order to establish an unfair act, the FTC must first show that a defendant's act causes or is likely to cause injury . . . If it is established that a defendant's act causes injury, the complained-of act or practice can be deemed 'unfair' if the injury it causes is (1) substantial, (2) not outweighed by countervailing benefits to consumers or competition, and (3) one consumers could not reasonably have avoided.

Id. (citations omitted) (emphasis added). In denying the preliminary injunction, Judge Hayes in part reasoned that:

> [I]t is the Qchex customers who are responsible for creating and delivering Qchex checks through the use of Qchex software and the resources available on Qchex.com. Qchex customers access the system, enter check and bank account information, and designate the third-party recipient. Aside from creating the website, the evidence establishes that Defendants have nothing to do with creating any of the checks. While it is true that Qchex offers a mailing service, which, if elected by the customer, includes the printing of Qchex checks on special check paper, and the placement of the checks in the mail to a recipient identified by the customer, the Qchex customer must request and authorize any check's delivery. After consideration of the facts presented, the Court concludes that Qchex customers create and deliver Qchex checks, and in fact "cause" the injuries sustained by the fraudulent use of Qchex. See e.g. In re Firearms Cases, 126 Cal. App. 4th 959 (2005); Emery v. Visa Int'l. Serv. Assoc., 95 Cal. App. 4th 952 (2002).

Id. (emphasis added).

Judge Hayes' finding was supported by federal case law and California case law that discusses causation under a related statute–Section 17200 of the California Business & Professions Code.[1] Defendants' motion for summary judgment is primarily based on these fundamental causation deficiencies in Plaintiff's cause of action. [See Defs.' Motion for Summary Judgment.] Defendants note in their opposition, and this Court agrees, that the summary judgment motion:

> asks the Court to determine the limited (but dispositive) issues of (1) whether Defendants 'caused' the injuries of which the FTC claims [in the complaint], namely the creation and the delivery of the checks and (2) whether Defendants 'caused' the injuries of which the FTC complains.

---

[1] See Williams v. Deutsche Bank Secs., Inc., 2005 U.S. Dist. LEXIS 12121, *30 (S.D. N.Y. 2005) ("Section 17200 is viewed as California's 'little FTC Act,' as it mirrors language in the Federal Trade Commission ('FTC') Act."); Perera v. Chiron Corp., 1996 U.S. Dist. LEXIS 22503, * 16 (N.D. Cal. 1996) (stating same).

1  [Defs.' Opp. at 2.]  Nevertheless, it appears that Plaintiff has filed the instant 56(f) motion to
2  have more time to discover evidence related to the cost-benefit aspect of the unfairness test and
3  Defendants' alleged destruction of evidence.  [See Plaintiffs' 56(f) Motion.]  These efforts may
4  likely be futile since they do not seem to be aimed at the crucial causation issues.

5       However, the Court recognizes that Rule 56(f) motions "are generally favored, and
6  should be liberally granted," that the parties have recently stipulated to extend the discovery
7  deadline to March 4, 2008, and that denying a 56(f) motion is "especially inappropriate where
8  the material sought is also the subject of outstanding discovery requests."  Stearns Airport Equip.
9  Co. v. FMC Corp., 170 F.3d 518, 534 (5th Cir. 1999); VISA Int'l Serv. Ass'n v. Bankcard
10 Holders of Am., 784 F.2d 1472, 1475 (9th Cir. 1986).  Therefore, the Court **GRANTS** Plaintiffs
11 Rule 56(f) motion and **DENIES** Defendants' motion for summary judgment **without prejudice**.
12 At the end of the discovery deadline, Defendants may re-file a motion for summary judgment.

14      IT IS SO ORDERED.

16 DATED:  January 11, 2008

17                                    _____
                                      Honorable Janis L. Sammartino
18                                    United States District Judge