UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NEOVI, INC., et al., ) <br> ) <br> Defendants. ) <br> _____) | CASE NO. 06cv1952 JLS (JMA) <br><br><br> PROTECTIVE ORDER |

This Stipulated Protective Order Regarding Confidential Information ("Protective Order") between Plaintiff Federal Trade Commission and Defendants Neovi, Inc, G7 Productivity Systems, Inc., James M. Danforth, and Thomas Villwock, and non-party Paypal, by and through their counsel of record, is made in the above-captioned action with respect to the following recitals:

1. Plaintiff has requested documents from PayPal in the above-entitled action (the "action"). PayPal intends to produce documents, declarations or other discovery materials which contain confidential and proprietary information, and can be produced only upon assurance that they and the information and material contained therein will be treated as confidential by the parties to the action.

2. The parties seek to establish procedures, above and beyond those provided for by this Court's Order Regarding Confidentiality of Materials Produced in Discovery or for the Purposes of Settlement ("Court's Confidentiality Order") (Docket No. 36) previously entered

in the above-captioned action, that will protect all confidential information while expediting the discovery process, limiting the necessity for objections or subsequent motions seeking to limit discovery and facilitating the disposition by the Court of any disputes that may arise in connection with discovery.[1]

    3.    PayPal may mark various of such documents as "CONFIDENTIAL" that contain trade secrets, proprietary commercial information, or any other materials considered confidential under Fed. R. Civ. P. 26(c)(7) or Section 6(f) of the FTC Act, 14 U.S.C. Section 46(f). The documents so marked, the contents thereof and any excerpts or parts thereof produced by PayPal in this action pursuant to discovery (hereinafter the "Confidential Document or Documents"), shall be treated as confidential in accordance with this Stipulation by the parties to this Stipulation and their respective attorneys. Unless otherwise ordered by the Court upon good cause shown or agreed to in writing by PayPal, the parties to this Stipulation and their respective attorneys shall not permit the exhibition or disclosure of any Confidential Document, its contents or any parts thereof, except to the following persons (hereafter the "qualified persons"):

    a.    The parties to this Stipulation and their respective counsel;

---

[1] To the extent there is any inconsistency in the procedures or the amount of protection accorded to PayPal's sensitive and confidential financial and business information, and trade secret information between this Protective Order and the Court's Confidentiality Order, the parties to this Protective Order intend that this Protective Order will govern.

       b.   Employees of counsel for the parties to this Stipulation, to the extent necessary for the preparation and prosecution of the action and trial or settlement;

       c.   FTC employees;

       d.   Experts, independent contractors, consultants or advisors, who are retained by the parties to this Stipulation and their respective counsel, to the extent necessary for preparation and prosecution of the action and trial or settlement;

       e.   Witnesses or prospective witnesses, either for deposition or trial, to the extent necessary for preparation and prosecution of the action and trial or settlement;

       f.   Stenographic reporters who are involved in depositions or any Court hearings or proceedings;

       g.   The Court and its officers.

4.   No copies shall be made of any Confidential Document except as necessary for preparation and prosecution of the action at trial or settlement.  Any and all Confidential Documents shall be kept in secure, segregated facilities and access to those facilities shall be permitted only to qualified persons.  Counsel for each party shall take such steps as they reasonably believe are appropriate to advise those persons employed or retained in clerical, stenographic or other ministerial functions of the restrictions upon dissemination of Confidential Documents provided by this Stipulation.

5.   Each person, (other than counsel for the parties to this Stipulation and persons employed or retained solely in clerical, stenographic or other ministerial functions, FTC employees, the Court and its officers) to whom any disclosure or exhibition of any

-3-

Confidential Document is made shall be provided with a copy of this Stipulation and shall execute an undertaking binding them to the terms of this Stipulation.  Each such executed undertaking shall be maintained by the counsel who has obtained it.

    6.   The Confidential Documents shall be used only for the preparation and prosecution of this action and trial or settlement.  No person to whom disclosure of any Confidential Document or the contents thereof is made shall disclose such Confidential Document or the contents thereof to any other person other than pursuant to the terms of this Stipulation.

    7.   Any persons receiving Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.  If a party or any of its representatives, including counsel, inadvertently discloses any Confidential Information to persons who are not authorized to use or possess such information, the party shall provide written notice of the disclosure to the party whose information was inadvertently disclosed.  If a party has actual knowledge that Confidential Information is being used or possessed by a person not authorized to use or possess that information, regardless of how the information was disclosed or obtained by such person, the party shall provide immediate written notice of the unauthorized use or possession to the party whose information is being used or possessed.

    8.   Any document containing any summary or recitation of any part of the content of a Confidential Document also shall be deemed

to be a Confidential Document and subject to all of the protections and restrictions in this Stipulation.

9. Unless the prior written consent of PayPal is obtained, any document filed with the Court making reference to the contents of any Confidential Document shall be filed under seal in the same manner as a Confidential Document and shall be treated in the same manner as a Confidential Document.

(a) This Stipulation shall not preclude any party from using in the course of deposition or submitting to the Court for any purpose, including trial, any Confidential Document provided that the confidentiality of such document and its contents is protected and maintained pursuant to subparagraphs (b), (c), and (d) of this paragraph.

(b) Subject to public policy, and further Court order, no confidential document shall be filed in the public record or under seal, and the Court shall not be required to take any action as to the documents, without separate prior order by the Judge before whom the hearing or proceedings will take place, after application by the party that wishes to place a confidential document into the record with appropriate notice to the party that marked the document confidential and the opposing counsel. Said written notice to the party that marked the document as confidential shall be given at least ten (10) days prior to any Court proceeding regarding the opening of any said Confidential Document that has been filed under seal.  If the Court grants a party permission to file an item under seal, a duplicate disclosing all nonconfidential information, if any, shall be filed and made part of the public record. The item may be

redacted to eliminate Confidential Material from the document. The document shall be titled to show that it corresponds to an item filed under seal, e.g., "Redacted Copy of Sealed Declaration of John Smith in Support of Motion for Summary Judgment." The sealed and redacted documents shall be filed simultaneously.  Copies of such Confidential Documents that are served on counsel for the parties to this Stipulation shall be similarly identified and shall be maintained as Confidential Documents under this Stipulation.

        (c)   When Confidential Documents are revealed in any deposition, hearing, other proceeding, or trial, counsel for the parties shall make arrangements to insure that only qualified persons are present during the revelation of such information.

        (d)   When any Confidential Document is incorporated in a transcript of a deposition, hearing, or other proceeding, arrangements shall be made with the reporter(s) attending such proceeding to bind the portions designated CONFIDENTIAL - ATTORNEYS ONLY of such transcript separately and label such portions as CONFIDENTIAL - ATTORNEYS ONLY.

   10.  Upon settlement or final judgment in this action, all Confidential Documents, including copies thereof, and all summaries or recitations of any parts thereof shall be delivered to PayPal, ATTN:  Adam R. Sand.  All Confidential Documents and all summaries or recitations of any parts thereof which have been introduced into evidence in this action shall be withdrawn and likewise delivered to counsel for PayPal.  Provided, however, that the FTC shall retain, return, or destroy documents in accordance with the provisions of Rule 4.12 of the FTC's Rules of Practice, 16 C.F.R. Section 4.12.

11.  This Stipulation shall remain in effect for the duration of the litigation unless terminated by stipulation executed by counsel of record for the parties and PayPal or pursuant to Court Order.  The provisions of this Stipulation insofar as they restrict the communication, treatment, and use of Confidential Documents shall continue to be binding after the termination of this action, unless the Court orders otherwise.

12.  This Stipulation shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any party with respect to the Confidential Documents and the information contained therein.  The fact that any Confidential Document is disclosed or produced in discovery or trial herein shall not be construed as a waiver in any other context or proceeding before any court, agency, or tribunal as evidence of whether such document or the contents thereof is or is not confidential or proprietary.

//
//

13.  Nothing in this Protective Order shall impose any restrictions on the use or disclosure by the FTC of Confidential Material as provided by: (1) the FTC's Rules of Practice and any cases construing them; Sections 6(f) and 21 of the Federal Trade Commission Act and any cases so construing them; and (3) any other legal obligation imposed upon the FTC.

Dated:_____          Federal Trade Commission


                                     By:_____
                                        Deborah Matties,
                                        Arturo DeCastro
                                        Russell Deitch
                                        Attorneys for Plaintiff

Dated:_____          PayPal


                                     By:_____
                                        Adam R. Sand
                                        Attorney for PayPal

**GOOD CAUSE EXISTING THEREFORE, IT IS ORDERED.**

Dated: January 25, 2008

Jan M. Adler

United States Magistrate Judge

-8-