UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> NEOVI, INC., etc., et al., <br><br> Defendants. | Case No. 06-CV-1952-JLS (JMA) <br><br> **ORDER RE: JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE (DOC. NO. 191)** |

The parties have filed a Joint Motion for Determination of Discovery Dispute. (Doc. No. 191.) The dispute arose in connection with the parties' preparation for post-judgment contempt proceedings, which were initiated by Plaintiff. Plaintiff contends Defendants violated the Court's Final Order for Permanent Injunction and Other Equitable Relief by creating and delivering checks for customers without performing any of the Court ordered identity and account verification procedures or any of the required complaint investigation protocol, resulting in ongoing harm to innocent consumers. (Doc. No. 156.)

By way of the discovery motion, Plaintiff seeks an expert witness disclosure, consistent with the requirements of Fed. R. Civ. P. 26(a)(2), from Defendants' proffered expert witness Dan M. Fisher. Defendants counter that Rule 26(a)(2) does not require disclosures be made for a contempt hearing. As Defendants argue, the language of

Rule 26(a)(2) expressly contemplates expert disclosures be made prior to trial.  The reasons for requiring Rule 26(a)(2) disclosures prior to trial also apply, however, to a civil contempt hearing, which is an evidentiary proceeding akin to a trial within the meaning of Fed. R. Civ. P. 43(a) rather than a motion hearing.  *See e.g. Chiquita Fresh, N.A., L.L.C., v. Pandol Assoc. Marketing, Inc.*, 2008 WL 324009 (E.D. Cal. Feb. 5, 2008) (*citing Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 495 (9th Cir. 1983).  Requiring the disclosures will, as contemplated by Rule 26(a)(2), enable Plaintiff to prepare for effective cross-examination of Mr. Fisher, as well as permitting it to determine whether it should seek to limit or preclude his testimony or retain a rebuttal expert.

      Defendants further contend it is premature for this matter to be decided, as they have suspended work with Mr. Fisher pending a ruling on their motion to determine the scope of the contempt hearing.  This motion is currently pending before Judge Janis L. Sammartino.  (Doc. No. 187.)  The contempt hearing is scheduled for September 23, 2010.  Defendants do not have the luxury of time to wait for a ruling on their motion before determining whether they wish to resume working with Mr. Fisher.  Defendants shall, therefore, serve a disclosure for Mr. Fisher, consistent with the requirements of Rule 26(a)(2), no later than **September 17, 2010**.

      **IT IS SO ORDERED.**

DATED:  September 10, 2010

_____
Jan M. Adler
U.S. Magistrate Judge