UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>                                          Plaintiff,<br><br>vs.<br><br>NEOVI, INC., et al.,<br><br>                                          Defendants. | CASE NO. 06-CV-1952 JLS (JMA)<br><br>**ORDER: (1) RESERVING RULING ON MOTION TO EXCLUDE TESTIMONY OF DAN M. FISHER; (2) GRANTING MOTION TO EXCLUDE THIRD-PARTY WEBSITES**<br><br>(Doc. Nos. 208, 209) |

Presently before the Court are Plaintiff Federal Trade Commission's motions to (1) exclude testimony of Dan M. Fisher (Doc. No. 208); and (2) exclude third-party websites (Doc. No. 209). Also before the Court are Defendants'[1] oppositions and Plaintiff's replies. (Doc. Nos. 212 (Opp'n to Website Mot.), 213 (Opp'n to Fisher Mot.), 216 (Website Reply), 217 (Fisher Reply).) Having considered the parties' arguments and the law, the Court rules as follows.

**BACKGROUND**

The parties are well aware of the background of this matter, and the Court and the Ninth Circuit both have provided full descriptions of the underlying facts. (*See* Doc. No. 105 (MSJ Order), at 2–8; *FTC v. Neovi, Inc.*, 604 F.3d 1150, 1153–55 (9th Cir. 2010).) Those factual summaries are

---

[1] For clarity's sake, Defendants in this contempt proceeding are Thomas Villwock, James M. Danforth, G7 Productivity Systems, iProlog Corporation, and FreeQuickWire Corporation. (Doc. No. 170.) The Court refers to them, collectively, as Defendants.

incorporated by reference here.

The motions before the Court pertain to a contempt hearing presently scheduled for April 27 and 28, 2011. In brief, after finding that Neovi, Inc.'s Qchex system violated section 5 of the FTC Act, 15 U.S.C. § 45(n), the Court enjoined Neovi, G7 Productivity Systems, Inc., James M. Danforth, Thomas Villwock, and others (collectively, Neovi) from "creating or delivering any check for a customer" without performing identity verification of prospective customers and account control verification. (Doc. No. 118 (Final Order), at 4–5.) While Neovi's appeal was pending before the Ninth Circuit, Plaintiff moved for an order to show cause why Defendants should not be held in contempt. (Doc. No. 156.) The Court granted Plaintiff's motion, but ultimately stayed the contempt proceeding pending the outcome of Neovi's appeal. (Doc. Nos. 170, 177.) Plaintiff now argues that Defendants' continuing operation of FreeQuickWire.com and sale of VersaCheck 2010® software and Qchex check creation templates violate the Final Order. (Doc. Nos. 156, 182, 220.)

## MOTION TO EXCLUDE TESTIMONY OF DAN M. FISHER

First, Plaintiff moves to exclude the testimony of Defendants' expert, Mr. Fisher, under Federal Rule of Evidence 702. (*See* Doc. No. 208-1 (Mem. ISO Fisher Mot.).) Mr. Fisher's expert report identifies four opinions that he intends to offer at the contempt hearing: (1) VersaCheck is a check printing software solution, not a payment system; (2) VersaCheck is materially different than Qchex; (3) VersaCheck provides benefits to small businesses and the consumer; and (4) applying the Final Order to VersaCheck would have a significantly adverse impact on the industry. (*See* Doc. No. 208-2 (Fisher Report).) Plaintiff contends that Mr. Fisher's opinions are irrelevant, that Mr. Fisher is not qualified to offer his opinions, and that Mr. Fisher's opinions are neither the products of reliable principles and methods nor supported by sufficient facts and data. (*Id.* at 4–19.)

"If expert testimony will 'assist the trier of fact to understand the evidence or to determine a fact in issue,' such testimony is admissible so long as '(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.'" *United States v. Redlightning*, 624 F.3d 1090, 1111 (9th Cir. 2010) (quoting Fed. R. Evid. 702). The trial judge acts as a gatekeeper to ensure that the expert's proffered testimony is both reliable and relevant. *See United States v.*

*Freeman*, 498 F.3d 893, 901 (9th Cir. 2007). Ultimately, the decision to admit expert testimony rests in the court's sound discretion. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999) (citing *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 138–39 (1997)); *United States v. W.R. Grace*, 504 F.3d 745, 759 (9th Cir. 2007) (quoting *United States v. Finley*, 301 F.3d 1000, 1007 (9th Cir. 2002)).

The importance of the trial judge's gatekeeping role is limited where, as here, "the judge is the trier of fact and has an ongoing opportunity to evaluate the admissibility and weight of expert testimony." *Conlon Group Ariz., LLC v. CNL Biltmore Real Estate, Inc.*, 2009 WL 2259734, at *2 (D. Ariz. July 27, 2009); *accord Deal v. Hamilton Cnty. Bd. of Educ.*, 392 F.3d 840, 852 (6th Cir. 2004) ("The 'gatekeeper' doctrine was designed to protect juries and is largely irrelevant in the context of a bench trial."); *see also Laconner Assocs. Ltd. Liab. Co. v. Island Tug & Barge Co.*, 2008 WL 2077948, at *1 (W.D. Wash. May 15, 2008) (collecting cases). Thus, "[w]hile the court sitting as trier of fact may not ignore the *Daubert* standards for assessing the reliability of testimony, it need not make those determinations before hearing the testimony." *Wolkowitz v. Lerner*, 2008 WL 1885770, at *2 (C.D. Cal. Apr. 21, 2008); *see also FTC v. Connelly*, 2007 WL 6492913, at *2 n.2 (C.D. Cal. Aug. 10, 2007) ("Because this is a bench trial, the Court need not preclude the experts' testimony because of potential problems with the sufficiency of facts or data relied on or the reliability of the methods used to formulate their opinions. Rather, the Court can evaluate the experts' testimony against the Rule 702 standard as they testify."); *Jones v. United States*, 127 F.3d 1154, 1156 (9th Cir. 1997) (noting that district court granted motion in limine to exclude plaintiffs' expert testimony after a two-week bench trial).

Here, given the posture of the contempt proceeding, the Court concludes that the admissibility of Mr. Fisher's expert testimony is best resolved after hearing it. The Court will allow Plaintiff an opportunity to vigorously cross-examine Mr. Fisher and present contrary evidence before ruling on the admissibility of Mr. Fisher's testimony. *See Daubert*, 509 U.S. at 596 ("Vigorous cross-examination[ and] presentation of contrary evidence . . . are . . . traditional and appropriate means of attacking shaky but admissible evidence."). Accordingly, the Court **RESERVES** ruling on the admissibility of Mr. Fisher's testimony.

That said, the Court writes to express what it sees as Defendants' fundamental misconception

of the scope of the Final Order and the contempt hearing. First, relying on isolated statements in the Court's Order denying Defendants' motion to limit the scope of the show cause hearing, Defendants argue that "there can be no dispute that the Final Order only prohibits conduct that violates the [FTC] Act." (Opp'n to Fisher Mot. 7.) Defendants are wrong. It is well established that "[o]ne need not commit an unlawful act in order to be liable for" contempt—one only need disobey a court order. *NLRB v. Laborers' Int'l Union of N. Am.*, 882 F.2d 949, 954 (5th Cir. 1989) (citing *NLRB v. Deena Artware, Inc.*, 361 U.S. 398, 414 (1960)); *cf. Wolfard Glassblowing Co. v. Vanbragt*, 118 F.3d 1320, 1322 (9th Cir. 1997) ("[T]he issue here is not whether Zodiac infringed Wolfard's trademark. The issue is whether Zodiac violated a consent judgment. . . . [A] plaintiff in Wolfard's position . . . is not required to muster all of the evidence it would need to make out an original infringement case in order to prove contempt." (citing *Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc.*, 689 F.2d 885, 889 (9th Cir. 1982)). Accordingly, the only issue in these proceedings is whether Defendants violated the Final Order. *Wolfard Glassblowing*, 118 F.3d at 1322. To meet its burden, Plaintiff only must establish that Defendants "created" or "delivered" checks without performing identity verification of prospective customers and account control verification. (*See* Doc. No. 118 (Final Order), at 4–5; *FTC v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999) ("The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court." (quoting *Stone v. City & Cnty. of S.F.*, 968 F.2d 850, 856 n.9 (9th Cir. 1992)).) The contempt hearing is not an opportunity for Defendants to litigate whether their continuing operation of FreeQuickWire.com and sale of VersaCheck 2010® software and Qchex check creation templates violate section 5 of the FTC Act.

Second, Defendants are forewarned that the contempt hearing is neither the time nor the place to relitigate the validity of the Final Order. "It is well established . . . that 'a contempt proceeding does not open to reconsideration the legal or factual basis of the order alleged to have been disobeyed . . . .'" (Doc. No. 195 (Order Denying Mot. to Limit Scope of OSC Hearing), at 3 n.5 (quoting *United States v. Rylander*, 460 U.S. 752, 756 (1983)).) Plaintiffs had two opportunities to challenge the Final Order—one before this Court in the underlying litigation and another before the Ninth Circuit. Defendants surely have forfeited any further objection to the Final Order as framed.

**MOTION TO EXCLUDE EVIDENCE OF THIRD-PARTY WEBSITES**

Second, Plaintiff moves to preclude Defendants from introducing into evidence at the contempt hearing "thousands of third-party webpages." (Doc. No. 209-1 (Mem. ISO Website Mot.), at 1.) Plaintiff contends that this evidence is inadmissible because it is irrelevant, more prejudicial than probative, and unauthenticated hearsay. (*See id.* at 3–6.)

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable." Fed. R. Evid. 401. Irrelevant evidence is inadmissible. Fed. R. Evid. 402.

Defendants contend that the third party websites relate to "whether the Final Order is clear and definite enough to encompass, and does in fact encompass G7's sale of products that enjoy widespread use and application." (Opp'n to Website Mot. 3.) Whether the Final Order is both specific and definite is an element of Plaintiff's affirmative case for contempt. *See Gates v. Shinn*, 98 F.3d 463, 467–68 (9th Cir. 1996) ("Specificity in the terms of the consent decree is a predicate to a finding of contempt." (citing *Vertex Distrib.*, 689 F.2d at 889)). But the Court cannot conceive of how the activities of third parties bear any relevance to the specificity and definiteness of the Final Order, a document that speaks for itself. *See generally Ball v. Idaho State Bd. of Corr.*, 869 F.2d 461, 465 (9th Cir. 1989) (holding that injunction requiring a "systematic" screening program and "sufficient" mental health professionals could not support contempt finding). The Final Order unambiguously directs Defendants to refrain from "creating" or "delivering" any check for a customer without performing identity verification of prospective customers and account control verification. (Final Order 4–5.) That other manufacturers create and deliver checks without identity and account control verification has no bearing on whether the Final Order gave Defendants sufficient notice that *they* were prohibited from engaging in such conduct.

Nor does the Court agree that holding Defendants in contempt would require the Court to "condemn an entire industry." (Opp'n to Website Mot. 3.) The Final Order only applies to Defendants; hence, only they are subject to condemnation. Rightfully so, because it was Defendants' product—not the products of third party manufacturers—that produced nearly 155,000 fraudulent checks totaling more than $402,750,000. *Neovi*, 604 F.3d at 1154.

Accordingly, the Court **GRANTS** Plaintiff's motion to exclude evidence of third party websites under Federal Rule of Evidence 402.

### CONCLUSION

For the reasons stated, the Court **RESERVES** ruling on Plaintiff's motion to exclude testimony of Dan M. Fisher. Plaintiff's motion to exclude evidence of third party websites, however, is **GRANTED**.

**IT IS SO ORDERED.**

DATED: April 18, 2011

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge