UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>               Plaintiff,<br><br>vs.<br><br>NEOVI, INC., et al.,<br><br>               Defendants. | CASE NO. 06-CV-1952 JLS (JMA)<br><br>**ORDER: (1) GRANTING EX PARTE MOTION TO CONTINUE HEARING AND MODIFY BRIEFING SCHEDULE; AND (2) DENYING EX PARTE MOTION FOR HEARING TO DEMONSTRATE COMPLIANCE WITH FINAL ORDER**<br><br>(ECF Nos. 275, 276) |

   Presently before the Court are two ex parte motions filed by Defendants in this matter. First, Defendants request a continuance of the hearing and modification of the briefing schedule on Plaintiff's Motion to Modify the Final Order. (Mot. to Modify, ECF No. 275.) Plaintiff has not opposed the motion, and Defendants indicate Plaintiff is amenable to the relevant dates being moved as requested. (*Id.* at 1.) Accordingly, Defendants' request to modify the hearing and briefing schedule dates is **GRANTED**. The motion hearing currently set for September 20, 2012

1  is **HEREBY CONTINUED** to September 27, 2012.  Further, the time for Defendants to file an
2  opposition to Plaintiff's motion shall be extended to August 28, 2012, and Plaintiff shall have until
3  September 4, 2012 to file a reply.

4  Second, Defendants request a hearing be set on August 3, 2012 to demonstrate compliance
5  with the Court's Final Order.  (Mot. for Hearing, ECF No. 276.)  This request stems from the
6  Court's July 11, 2012 ruling in which Contempt Defendants ("Defendants") were held in contempt
7  of the Final Order, and given 30 days to demonstrate compliance before a per diem fine would be
8  exacted.  (*See* Contempt Order, ECF No. 272.)  Defendants complain that the "Contempt Order
9  does not specify how such demonstration is to be made," and ask for a hearing on August 3, 2012
10 to apparently make such demonstration "[t]hrough the use of testimony and screen shots in a
11 PowerPoint format."  (Mot. for Hearing 1.)  Defendants' motion lists the efforts they have
12 undertaken, but argues that "[d]emonstration of these matters is not easily achieved and heavily
13 relies on circumstances and the cooperation of the parties outside Defendants' control."  (*Id.* at 1-
14 2.)  Thus, a "hearing on the date requested will allow Defendants to obtain the Court's input and
15 still allow them an opportunity, before the 30-day compliance period expires, to address any
16 shortcomings the Court might identify."  (*Id.* at 3.)

17 The FTC opposes the motion, arguing that Defendants' request in effect seeks "an
18 evidentiary hearing by ambush."  (Opp'n to Mot. for Hearing 2, ECF No. 278.)  Defendants
19 apparently did not inform the FTC of their intent to file this motion for hearing, did not seek the
20 FTC's consent to conduct an evidentiary hearing, and have not discussed the efforts they have
21 already undertaken to comply nor sought to collaborate with the FTC prior to the expiration of the
22 time for compliance.  (*Id.*)  According to the FTC, Defendants "have failed to engage the FTC in
23 meaningful discussions concerning how they might comply."  (*Id.*)

24 The Court agrees with the FTC that holding a compliance hearing before Defendants have
25 presented their compliance efforts to the FTC and given the FTC an opportunity to respond "is
26 premature and likely to waste judicial resources."  (*Id.*)  The FTC has expressed a willingness to
27 evaluate Defendants' effort to comply, but must be given an opportunity to do so, and should not
28 be made to do so on the fly.  Nor will the Court undertake to perform an on-the-spot evaluation of

Defendants' evidence of compliance or respond to Defendants' unknown queries regarding the sufficiency of this evidence in a question-and-answer format punctuated by the FTC's unprepared remarks.

However, the Court commends Defendants for the efforts they appear to have taken to comply, as briefly listed in their motion for hearing.  (*See* Mot. for Hearing 1-2.)  The Court further wishes to encourage Defendants' swift and full compliance—indeed, this is the entire purpose of civil sanctions.  The determination of compliance, like all decisions relating to contempt, is at the discretion of the Court.  *See Peppers v. Barry*, 873 F.2d 967, 968 (6th Cir. 1989).  In exercising that discretion, the Court is guided by the coercive purpose of contempt.  *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 193 (1949) (discussing "the power of the District Court . . . to grant the relief that is necessary to effect compliance with its decree.  The measure of the court's power in civil contempt proceedings is determined by the requirements of full relief."); *see also Shuffler v. Heritage Bank*, 720 F.2d 1141, 1146-47 (9th Cir. 1983).

Accordingly, the Court **HEREBY ORDERS** the following:

1. Defendant's motion for hearing (ECF No. 276) is **DENIED**.

2. Defendants **SHALL FILE** a Notice of Compliance by August 10, 2012 at 5:00 p.m., if they wish to avoid the accrual of the per diem fines set forth in the Contempt Order.  Defendants should present evidence as necessary to demonstrate to the Court that they have purged their failure to comply with the Final Order.  Defendants are encouraged to meet and confer with the FTC prior to that date to facilitate a robust and complete showing of compliance, and the FTC is encouraged to cooperate fully with Defendants' efforts.

3. The FTC **MAY JOIN** in Defendants' Notice of Compliance, or alternatively **MAY FILE** a response to the Notice by August 24, 2012 at 5:00 p.m., indicating any ways in which the FTC believes Defendants' showing of compliance to be inadequate.

4. If, in the Court's discretion, it decides that a hearing regarding Defendants' compliance would be beneficial or productive, the Court will set a date for hearing.

5. In the event the Court deems Defendants' showing insufficient to purge their contempt, the Court reserves the right to forgive any fines which accrue between August 10, 2012 and such

determination of noncompliance, provided the Court finds that Defendants' showing was in good faith.

**IT IS SO ORDERED**.

DATED: August 2, 2012

_Janis L. Sammartino_
Honorable Janis L. Sammartino
United States District Judge